*95 WILLIS, Judge, with whom BRAY, BUMGARDNER and LEMONS, JJ.,
join, concurring, in part, and dissenting, in part.
I agree with the majority that the test tube containing cocaine was properly admitted into evidence. However, I would further hold that the evidence sufficiently supported McNair’s conviction.
The test tube containing cocaine was found in McNair’s bedroom, an area personal to him and under his dominion and control. The test tube was still moist, supporting the conclusion that it had been used recently to prepare crack cocaine. Detective Wells, who had participated in executing more than one hundred search warrants, testified that items such as the test tube were normally found in homes during the execution of search warrants and that he had “never located [such an item] on a person on the street.” This testimony supports the conclusion that paraphernalia such as the test tube usually remains in the premises where they are used and that such items are not normally transported from place to place. These conclusions support the inference that the test tube belonged to the premises, McNair’s apartment and bedroom, and thus to McNair and discount the supposition that it was an item transported abroad and abandoned by wandering robbers.
The alternative hypotheses of innocence required to be excluded for circumstantial evidence to prove sufficient must “flow from the evidence, and not from the imagination of [defense] counsel.” Fordham v. Commonwealth, 13 Va.App. 235, 239, 409 S.E.2d 829, 831 (1991). Nothing in the evidence in this case, other than McNair’s exculpatory conjecture, suggests importation, possession, use, or abandonment of the test tube by the robbers.
I would affirm the judgment of the trial court.